UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marcus Dunn,<br><br>    Plaintiff,<br><br>vs.<br><br>Faithful+Gould Inc. and Atkins North America Inc.,<br><br>    Defendants. | C/A No. 6:15-cv-04382-DCC<br><br><br><br>ORDER |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 45. Plaintiff filed a Response in Opposition. ECF No. 48. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On March 29, 2018, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted. ECF No. 52. Plaintiff filed objections to the Report, Defendants filed a response to the objections, and Plaintiff filed a reply. ECF Nos. 53, 54, 56. On June 12, 2018, there was a hearing before the Court on the Motion for Summary Judgment. ECF No. 60.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts of this case and the summary judgment standard in her Report which the Court incorporates by reference. Plaintiff brings claims for discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. As stated above, the Magistrate Judge recommends that summary judgment be granted with respect to both claims in favor of Defendants. Plaintiff presents fifteen objections for the Court's review. Because several of the objections discuss the same issue, for clarity, the Court will group the objections for discussion. In its review of this matter, the Court, as it must, construes the evidence in the light most favorable to Plaintiff, as the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

*Essential Function*

Plaintiff's first six objections relate to the Magistrate Judge's conclusion that his on-site, physical presence was an essential function of Plaintiff's position. ECF No. 53 at 2–6. Plaintiff contends that this requirement was not a part of the written job description; that the

2

Magistrate Judge afforded too much deference to Jeanette van Akelijen's preference that Plaintiff be present at the office; that the Magistrate Judge relied too heavily on the evidence that van Akelijen had refused to allow Plaintiff to work from home before his first seizure; that the Magistrate Judge failed to differentiate between essential functions of a position and marginal functions with respect to any of Plaintiff's work that would need to be reassigned to co-workers in order to allow him to work from home; that the Magistrate Judge relied too heavily on the correspondence between Plaintiff and his doctor because Plaintiff was adjusting to his medications and the correspondence was in the context of Plaintiff's application for disability benefits; and that the Magistrate Judge erred in relying on van Akelijen's, Steve Plane's, and Tracy Nursey's affidavits that they considered Plaintiff's presence on site to be an essential function of the position.

A job function is essential when "'the reason the position exists is to perform that function,' when there [are not] enough employees available to perform the function, or when the function is so specialized that someone is hired specifically because of his or her expertise in performing that function." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 579 (4th Cir. 2015) (citing 29 C.F.R. § 1630.2(n)(2)). "[I]f an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." 42 U.S.C. § 12111(8). Other relevant evidence includes the employer's judgment as to the essential functions of the job, the amount of time spent performing the function, and the consequences of not requiring the function of the employee. 29 C.F.R. § 1630.2(n)(3).

3

While Plaintiff disagrees with the Magistrate Judge's reliance on the statements of others, including van Akelijen, Plane, and Nursey that they considered Plaintiff's physical presence at the office or at the job site to be an essential function of the job, the Court finds that Plaintiff's own correspondence to his physician establishes that he also considered the ability to be present at a job site as an essential function of his position.[1] ECF No. 45-2 at 68. Plaintiff cannot now claim that he was unaware that his presence would be required at the job site because it was not included in the written job description or that it was merely the opinion of a supervisor without any other supporting evidence. Accordingly, the Court declines to specifically address whether the Magistrate Judge erred with respect to her reliance on other testimony and evidence in the record, because Plaintiff himself established that his physical presence at the job site was an essential function of his employment. Moreover, with respect to his argument that his letter to his physician should be read in the context of his pending application for disability benefits, Plaintiff has not established that his correspondence was false or misleading in any way.[2]

---

[1]In the letter to his physician, Plaintiff states,

> My job consists of traveling to job sites located in Greenville, Spartanburg, and Anderson. I am the sole consultant for these projects and no one else would be traveling to those jobsites. If I cannot travel then I cannot perform my job . . . . With that said, I am incapable of working my normal job responsibilities as I have done in the past.

ECF No. 45-2 at 68.

[2]Further, with respect to Plaintiff's argument that the Magistrate failed to differentiate between an essential function and a marginal function, the Court finds that Plaintiff's statement in the letter to his physician that he was the sole consultant for these job sites,

Accordingly, the Court overrules Plaintiff's first set of objections.

***Reasonable Accommodation***

Plaintiff's next set of objections—numbered 7–10—relate to the Magistrate Judge's conclusion that Defendants' actively engaged in an interactive process to find a reasonable accommodation for Plaintiff. ECF No. 53 at 7–8. Specifically, Plaintiff contends that the Magistrate Judge erred in overstating Defendants' efforts to engage in the interactive process; that the Magistrate Judge erred in relying on *E.E.O.C. v. Ford Motor Company*, 782 F.3d 753 (6th Cir. 2015), and *Minnihan v. Mediacom Communications Corporation*, 779 F.3d 803 (8th Cir. 2015), because these cases are distinguishable from the present action; and that the Magistrate Judge erred in failing to consider extended leave as a reasonable accommodation. *Id*. The Court disagrees.

In defining "reasonable accommodation," the ADA regulations provide:

> To determine the appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation. This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.

29 C.F.R. § 1630.2(o)(3). Accordingly, the ADA imposes upon employers a good-faith duty "to engage [with their employees] in an interactive process to identify a reasonable

---

indicates that his ability to travel to different sites was an essential function. *See* 29 C.F.R. § 1630.2(n)(1) (identifying seven factors that are "evidence of whether a particular function is essential," including "the consequences of not requiring the incumbent to perform the function").

accommodation" which is triggered when an employee communicates his disability and desire for an accommodation—even if that employee fails to identify a specific, reasonable accommodation. *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 346 (4th Cir. 2013). An employer will not be liable for failure to engage in the interactive process if the employee ultimately fails to demonstrate the existence of a reasonable accommodation that would allow him to perform the essential functions of the position. *Id.*, at 347.

In support of his assertion that the Magistrate Judge erred in overstating Defendants' efforts to engage in the interactive process, Plaintiff argues that Defendants' offer to allow Plaintiff to work four weeks of a reduced schedule was insufficient. ECF No. 53 at 6. Plaintiff states that Defendants' one-time "take-it-or-leave-it-offer" does not fulfill Defendants' duty to engage in good-faith attempt to identify a reasonable accommodation. As discussed in the Report, Plaintiff's description of his communications with Defendants as a one time "take-it-or-leave-it" offer is unsupported by the record. It appears that Defendants presented an option for a four-week modified schedule to provide an opportunity to find a more long-term solution, which Plaintiff eventually accepted, and that the parties continued discussions of how Plaintiff could perform his job. *See* ECF No. 45-2 at 27–28 (Plaintiff's testimony that when he had his second seizure, the parties "were in the middle of trying to work -- honestly trying to work something out for me to come back to work").[3]

---

[3]Plaintiff contends the Magistrate Judge categorized his response to Defendants' offer of a four-week modified work schedule as "disrespectful." ECF No. 53 at 10. It appears to this Court, that the Magistrate Judge's use of that word was not a reflection of

6

Moreover, Plaintiff objects to the Magistrate Judge's reliance on *E.E.O.C. v. Ford Motor Company* and *Minnihan v. Mediacom Communications Corporation* because, according to Plaintiff, the defendants in these cases made several attempts to reach a solution with their disabled employees, whereas in this case, Defendants made only one insufficient offer. As discussed above, the Court also overrules these objections based on its finding that Defendants did more than make one "take-it-or-leave-it" offer to Plaintiff.

Plaintiff also argues that the Magistrate Judge erred in failing to consider extended leave as a reasonable accommodation. It appears from the record that Defendants' employees considered offering Plaintiff extended unpaid leave; however, they determined that they had not previously extended unpaid leave once an employee had exhausted paid leave, leave pursuant to the Family and Medical Leave Act ("FMLA") , and unpaid personal leave in earlier situations. ECF No. 45-3 at 36. Instead, Defendants' practice had been to terminate the employee in order to allow him to receive short-term and long-term disability. While Defendants may have offered Plaintiff additional unpaid leave, they were not required to offer it, particularly in light of Plaintiff's correspondence to his physician in which he states that he is the sole consultant for these projects. *See Griffin v. Holder*, 972

---

her belief that the response was disrespectful, but was a recitation of language used by Defendants' employees in discussing Plaintiff's response to their suggested solution. *See* ECF No. 52 at 17 ("Defendants expressed disappointment in Plaintiff's disrespectful response to their accommodation suggestion, and Nursey asks what the next step would be provided that Plaintiff did not return to work at the end of his leave."); ECF No. 45-5 at 6 (email from Jeanette Rodriguez, Regional Manager, Human Resources, stating "I actually feel like his response is disrespectful, or at the very least, inappropriate."). There is no indication in the Report that the Magistrate Judge took any position on the tone or content of Plaintiff's response.

F.Supp.2d 827, 848 (D.S.C.2013) ("[A] reasonable accommodation 'does not require an employer to reallocate essential job functions or assign an employee 'permanent light duty.'" (quoting *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F.App'x. 314, 323 (4th Cir. 2011) (holding that reducing a school counselor's caseload was not a reasonable accommodation because it would shift her duties to other counselors and increase their workload))). Accordingly this objection is overruled.

*Retaliation*

Plaintiff's final set of objections pertain to his claim that Defendants retaliated against him in violation of the ADA. ECF No. 53 at 8–11. Specifically, Plaintiff argues that the Magistrate Judge improperly determined that Defendants established a legitimate, nonretaliatory reason for Plaintiff's termination because Plaintiff had exhausted his FMLA time; that the Magistrate Judge erred in stating that Plaintiff allegedly failed to report his FMLA time and in failing to recognize that Defendants' leave policy afforded employees up to 30 days of unpaid leave per rolling year for personal reasons; that the Magistrate Judge erred in finding Defendants established a legitimate, nonretaliatory reason for Plaintiff's termination because they could have offered unpaid leave as a reasonable accommodation; that the Magistrate Judge unfairly characterized Plaintiff's response to the suggested accommodation by Defendants as "disrespectful" because it was protected activity and Defendants' employees' email conversations about Plaintiff supports a finding of causation; and that the Magistrate Judge erred in finding that Defendants had previously extended "Plaintiff's leave time at least twice in an attempt to allow him to return to work"

because this statement is a gross misreading of the record. The Court disagrees.[4]

As an initial matter, any arguments regarding error in the Magistrate Judge's findings with respect to protected activity and causation are overruled. The Magistrate assumed without deciding that Plaintiff could establish a prima facie case for retaliation. She did not determine that Plaintiff failed to establish that he engaged in protected activity or that he failed to establish a causal connection.

Turning to Plaintiff's arguments that the Magistrate Judge erred in finding Defendants had established a legitimate nonretaliatory reason for Plaintiff's termination, the Magistrate Judge found that Defendants established that Plaintiff was terminated because he had exhausted his available leave and there was no temporary assignment employee work to which Defendant Faithful+Gould, Inc. could assign Plaintiff. ECF No. 52 at 16. With respect to Plaintiff's objection that his leave time was tabulated incorrectly, the Court finds the Magistrate Judge properly evaluated this argument. Once a defendant asserts a legitimate, nonretaliatory reason for a plaintiff's termination, the plaintiff must demonstrate that the defendant's proffered reason is mere pretext. *See Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). To establish that an articulated reason is pretext, a plaintiff must prove that the reason was false and that retaliation was the true reason for the challenged conduct. *Jiminez v. Mary Wash. Coll.*, 57 F.3d 369, 378 (4th Cir. 1995). Here, as discussed by the Magistrate Judge, any error

---

[4]The Court has already addressed Plaintiff's claim that the Magistrate Judge determined his response to Defendants' offer for an accommodation was "disrespectful" and will not repeat its conclusion here.

in the calculation of Plaintiff's FMLA time was made by FMLA Source, Defendants' third-party FMLA administrator, and Plaintiff has presented no evidence that Defendants were aware that Plaintiff may have additional FMLA time or that retaliation was the real reason Plaintiff was terminated. *See Merritt*, 601 F.3d at 300 (finding that the decision maker's intent is crucial in evaluating an alleged discriminatory/retaliatory employment decision). Likewise, Plaintiff's argument that extended leave can be a reasonable accommodation under the ADA fails to establish that Defendants' termination of Plaintiff was retaliatory in nature.

Concerning Plaintiff's argument that the Magistrate Judge inaccurately stated that Plaintiff failed to report his FMLA time to FMLA Source, the Court finds that there is evidence in the record to support the Magistrate Judge's statement. *See* ECF No. 45-5 at 2, 5. Further, regardless of whether Plaintiff failed to properly report his FMLA time or whether FMLA Source erred in counting previous time as FMLA time, as stated above, these facts are immaterial to any evidence of retaliatory motive on the part of Defendants. Indeed, these facts constitute a basis instead for a legitimate, nonretaliatory reason for Plaintiff's termination.

Plaintiff also argues that the Magistrate Judge erred in failing to consider that Defendants' leave policy provided up to 30 days of unpaid leave per rolling year for personal reasons, and that as of June 25, 2014, Plaintiff had 22 working days of personal leave available to him under the company's policy. ECF No. 53 at 9. The Court recognizes that the Magistrate Judge does not directly refer to this provision of the leave

policy; however, she cites to this portion of record in a parenthetical and notes that the 30 days of unpaid leave cannot be used or tacked on to leave that is due to an illness. ECF No. 52 at 18 (citing ECF No. 45-4 at 13–14). The Court has reviewed the relevant portion of Defendants' leave policy and agrees with the Magistrate Judge's interpretation.

Finally, regarding Plaintiff's argument that the Magistrate Judge's statement that Defendants had previously extended "Plaintiff's leave time at least twice in an attempt to allow him to return to work" is a gross misreading of the record, the Court finds that Plaintiff has failed to identify what bearing this statement had on the Magistrate Judge's ruling. Plaintiff does not appear to argue that his leave was not extended twice, he merely asserts that Defendants' extended his leave for practical rather than altruistic reasons. Even so, the fact that these extensions were granted would be evidence against a pretextual termination, rather than the other way around. Accordingly, the Court overrules this objection.[5]

Therefore, the Court adopts the ruling of the Report. Defendants' Motion for Summary Judgment [45] is **GRANTED**.

---

[5]Plaintiff remarks throughout his objections that the Magistrate Judge disregarded the Fourth Circuit Court of Appeals' ruling in *Jacobs*, 780 F.3d 562, "which emphasizes the very high bar a Defendant must clear to win a motion for summary judgment on claims for disability discrimination, retaliation, and failure to provide a reasonable accommodation under the ADA." ECF No. 53 at 2, 11. The Court disagrees. As an initial matter, the Magistrate Judge specifically cited to this case in her Report. *See* ECF No. 52 at 8, 10. Further, as discussed in this Order, the Court finds that the Magistrate Judge has supported her conclusions with evidence from the record and has properly applied the standard for deciding a motion for summary judgment.

IT IS SO ORDERED.

June 18, 2018  s/Donald C. Coggins, Jr.
Spartanburg, South Carolina  United States District Judge