UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marcus Dunn, | C/A No. 6:15-cv-04382-DCC |
| Plaintiff, | |
| vs. | ORDER |
| Faithful+Gould Inc. and Atkins North America, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order entered June 18, 2018, pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 64. Specifically, Plaintiff seeks reconsideration of Court's decision adopting the Report and Recommendation of the Magistrate Judge and granting Defendants' Motion for Summary Judgment. Defendants filed a Response in Opposition, and Plaintiff filed a Reply. ECF Nos. 65, 66. For the reasons stated below, the Court denies Plaintiff's Motion for Reconsideration.

## APPLICABLE LAW AND ANALYSIS

*Rule 59(e)*

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration*

*Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

***The Court's Review***

In his Motion, Plaintiff does not make any arguments for reconsideration referencing either an intervening change in controlling law or new evidence previously unavailable. Therefore, the Court construes Plaintiff's Motion as seeking reconsideration on the basis that it would be an error of law or manifest injustice if the Court failed to reverse its decision granting Defendants' Motion for Summary Judgment.

<u>Essential Functions of Job</u>

In its prior Order, the Court found that Plaintiff's physical presence at the job site was an essential function of his position. Here, Plaintiff argues that the Court placed too much emphasis on a letter Plaintiff wrote to his physician on September 9, 2014. Plaintiff provides no support for his conclusion that because the letter was not a primary focus of Defendants' Motion for Summary Judgment, the Court erred by discussing it in its Order. The Court has reviewed its analysis and concludes that the decision granting summary

judgment does not result in the commission of either clear error or manifest injustice.[1] Accordingly, the Motion is denied with respect to this argument.

Plaintiff also raises, without any citation to legal authority, that the letter is a privileged communication between Plaintiff and his physician. The Court disagrees. *See Shoemake v. Eli Lilly & Co.*, No. 5:13-cv-013-RLV-DCK, 2014 WL 683765, at *3 (W.D.N.C. Feb. 20, 2014) (citing *Butler v. Burroughs Welcome, Inc.,* 920 F.Supp. 90, 91 (E.D.N.C. 1996) (granting motion to compel in employment case where plaintiff resisted disclosing her medical records and refused to supply defendant with signed authorizations and release forms)). Accordingly, Plaintiff's motion is denied with respect to these arguments.

### *Reasonable Accommodation*

The Court determined that Defendants engaged in an interactive process to find a reasonable accommodation for Plaintiff. Plaintiff again argues that the Court improperly relied on the September 9, 2014, letter. The Court finds that its reliance on this letter does not result in the commission of either clear error or manifest injustice. Plaintiff also

---

[1] Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez-Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

raises essentially the same arguments raised in his response to the Motion for Summary Judgment and objections to the Report and Recommendation with respect to whether Defendant engaged in a good faith interactive process to identify a reasonable accommodation and whether the Magistrate Judge erred in failing to consider extended leave as a reasonable accommodation. These arguments have already been ruled upon. Moreover, the Court has reviewed its analysis of these arguments and concludes that its decision does not result in the commission of either clear error or manifest injustice. Accordingly, the Motion for Reconsideration is denied with respect to these arguments.[2]

*Retaliation*

In its prior Order, the Court found that Defendants established a legitimate, non-retaliatory reason for Plaintiff's termination and that Plaintiff failed to establish that the proffered reason was mere pretext. Here, Plaintiff argues that the Court focused too much on Defendant's proffered legitimate non-retaliatory reason for Plaintiff's termination and, unfortunately, cited to *Jiminez v. Mary Washington College*, 57 F.3d 369, 378 (4th Cir. 1995), when it should have cited to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000). The Court notes that the Fourth Circuit has cited to the same language from *Jiminez* as recently as 2017. *See Lovett v. Cracker Barrel Old Country Store, Inc.*, 700 F. App'x 209, 212 (4th Cir. 2017) (relying on *Jiminez,* 57 F.3d at 378);

---

[2] Plaintiff states that *Griffin v. Holder*, 972 F. Supp. 2d 827 (D.S.C. 2013), which was cited by the Court in its Order, "has no applicability to the current case whatsoever," apparently because, in Plaintiff's view, physical presence at a job cite is an essential function for a prison dental hygienist but not for Plaintiff. The Court has addressed whether Plaintiff's presence at the job site was an essential function of his position, and Plaintiff has not demonstrated that the citation to *Griffin* amounts to either clear error or manifest injustice; accordingly, the Motion for Reconsideration is denied with respect to this argument.

*Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015) ("In meeting this ultimate burden, the plaintiff must show 'both that the [employer's] reason was false and that [retaliation] was the real reason for the challenged conduct.'" (quoting *Jiminez,* 57 F.3d at 378)). Accordingly, Plaintiff's Motion for Reconsideration is denied with respect to this argument.

Plaintiff proceeds to argue that the Court overlooked evidence in the record, incorrectly analyzed whether Plaintiff had exhausted his options under the Family and Medical Leave Act, and gave insufficient consideration to the Supreme Court's decision in *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), which held that retaliation claims should be analyzed in terms of whether the challenged actions might discourage a reasonable person under the same circumstances from making a complaint of discrimination or otherwise engaging in protected activities. The Court has conducted a thorough review of the record, the applicable law, and its Order. Plaintiff's arguments fail to establish any error of law or manifest injustice. Accordingly, the Motion is denied.[3]

## CONCLUSION

For the foregoing reasons, the Court **DENIES** [62] Plaintiff''s Motion for Reconsideration of the Order entered on June 18, 2018.

**IT IS SO ORDERED.**

| | |
|---|---|
| November 14, 2018 | s/Donald C. Coggins, Jr. |
| Spartanburg, South Carolina | United States District Judge |

---

[3] Plaintiff has continued to argue that the Magistrate Judge and this Court have failed to view all the facts in the record in the light most favorable to the non-moving party. As explained in the Order ruling on the Magistrate Judge's Report, both the Magistrate Judge and this Court have applied the requisite summary judgment standard, and Plaintiff's argument is unsupported by the record.